IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,602






EX PARTE STANLEY BLACKWELL, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 920951 IN THE 147TH DISTRICT COURT


FROM TRAVIS COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of sexual assault
of a child and sentenced to ten years' imprisonment in December 1992.

 Applicant contends that this sentence should have discharged. He alleges that the State
negligently failed to issue a capias when the mandate in his appeal issued and as a result, he has been
out of custody for over sixteen years. Applicant was released on appellate bond after his conviction. 
The mandate for his appeal was issued April 26, 1995, but due to a mistake in the Travis County
District Clerk's office, no capias was ever issued. Applicant attempted to turn himself into the
Travis County Sheriff's office in May and July 1995, but was advised both times that he could not
be taken into custody until a capias was issued. During the time of his release, Applicant was
serving a deferred adjudication community supervision sentence in an unrelated case. He was
complying with the conditions of that supervision, including reporting to his supervising officer. He
successfully completed the supervision for that other sentence in 2002.

 Applicant filed a prior 11.07 application in this cause in 2002, alleging both ineffective
assistance of counsel grounds and the grounds that he currently raises in this application. He was
not in custody at that time. That application was denied without written order by this Court in 2002. 
Applicant has a new factual basis for this application because capias finally issued in this cause and
he was arrested for this cause on March 12, 2011.

 This Court recently granted relief to an applicant who had been erroneously allowed to stay
out on appeal bond through no fault of his own. Ex parte Thiles, 333 S.W.3d 148 (Tex. Crim. App.
2011). We held that Thiles was entitled to relief because he did not know the mandate had issued
in his case and that he therefore did not violate any conditions of his appellate bond. Applicant also
did not violate any conditions of his appellate bond and in fact tried to turn himself in twice and was
turned away. Applicant was improperly out of custody on appeal bond through no fault of his own. 
He was not attempting to conceal himself, and the State made no efforts to secure Applicant so that
he may begin to serve his sentence.

 Relief is granted. Applicant is to receive time credit in this cause from the time the mandate
issued in his appeal to the present. With the granting of this time credit, he has served this sentence
in full and shall be immediately discharged from custody.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division.


Delivered: August 10, 2011

Do Not Publish